state, and none others, could be pleaded in any other court in the United States." That case was brought before the court by a writ of error to the circuit court of the United States, in New York. A nil debet was pleaded to which there was a demurrer. And the court again decided, as they had done in the case of Mills v. Duryee [supra], that the plea was bad.

In pursuance of these decisions the courts of the United States have uniformly acted. And the same rule has been adopted by many of the state courts. The plea of nil debet puts in issue the existence of the debt at the time of pleading. And if this be a good plea in an action on a judgment, it puts in issue the debt evidenced by such judgment. This cannot be done if any effect be given to the act of congress and the constitution. The judgments of a sister state were, at first, treated in New York as foreign judgments. They were considered only as prima facie evidence of indebtment, liable, of course, to be impugned. And although this ground has been somewhat receded from, yet it is difficult to determine what has been given up when a defendant is still at liberty to take issue upon the fact of his appearance, which is stated on the record. The adjudications in Massachusetts are not materially different, on this point, from those of New York. 5 Wend. 148; 9 Mass. 467. Where, from the face of a record, it appears that the defendant has not been served with process, and has entered no appearance in the case, the judgment is treated as a nullity. And where, under the laws of some of the states, an attachment is the first process, and that being levied on any article of property, however small, gives jurisdiction to the court, a judgment is obtained, it is only considered as a proceeding in rem.

It is not in the power of a state court or a court of the United States, by process of attachment, to take cognizance of an individual who is not within its jurisdiction, and bind him personally by a judgment. Such a proceeding binds the property attached; but beyond that the defendant is not bound. It is a proceeding in rem, and, except the property levied on, the court have no more power to affect the interests of an individual than if no process had been issued against him. That the court had jurisdiction of the person of the defendant must appear from the record, and where such fact does appear it cannot be controverted. As well might any other fact in the record be denied as this. The record is made out under the authority of the court, and purports absolute verity. As evidence it cannot be questioned. If, in making up the record, through the inadvertence of the clerk, a mistake has occurred, the only mode of correcting it is by application to the court who gave the judgment, and who have a right, at all times, to correct clerical errors. By a statute in New York, where individuals are sued as co-partners, and process is served on one, judgment may be entered up against all of them, which operates only against the partnership property. And the partners on whom the process was not served, are permitted to come in on certain conditions, to contest the right of the plaintiff. And it is insisted that on one of the present defendants notice was not served, and on that ground the defendants have filed the second plea. To this it may be answered in the first place, that the record shows a notice to the defendants. And in the second, that, admit the truth of the plea, the defendant could not ask to be placed in a more favorable position here than he could have claimed in the state of New York. This would seem to result from the decisions adverted to, under the act of congress. If the same effect is to be given to this record, as evidence, as would be given to it in New York, it must be conclusive of all the matters adjudged, unless they shall be opened up in the manner provided. In giving a judgment on this record we give to it the same effect that it had in New York. Nul tiel record is the only plea, perhaps, which can be filed to an action founded on a record. We do not speak of fraud which vitiates all transactions, judicial as well as others, and which may be set up by third parties, but not as between the parties on the record.

The demurrer to the pleas is sustained. Judgment.

## Case No. 17,447.

### WESTFALL v. BARNEY.

[See Case No. 17,448.]

## Case No. 17,448.

### WESTFALL v. SHOOK.

[5 Blatchf. 383;[1] 5 Int. Rev. Rec. 54.]

Circuit Court, S. D. New York. Feb. 11, 1867.

INTERNAL REVENUE—TAX ON IMPORTED SPIRITS—GOODS IN BONDED WAREHOUSE.

1. Under the 7th section of the act of March 7, 1864 (13 Stat. 16), an additional duty of forty cents per gallon was imposed on all distilled spirits imported from foreign countries prior to the passage of that act.

2. The fact that such spirits were in a bonded warehouse at the time of the passage of that act does not exempt them from such tax.

3. Under that act, such duty is to be collected in such manner as the secretary of the treasury may direct, and he has power to direct it to be paid to a collector of internal revenue.

[2] [The plaintiff, in January, 1864, imported and entered at this port a quantity of gin

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

[2] [From 5 Int. Rev. Rec. 54.]